IN SEPTEMBER, 1846.

---

THE MANUFACTURERS' AND MECHANICS' BANK OF THE NORTHERN LIBERTIES OF THE COUNTY OF PHILADELPHIA vs. BOYD & COWDEN.

A warrant of attorney to confess judgment executed by residents of Pennsylvania, which by a fair construction of its terms contemplated a judgment in a court of that state, will not uphold a judgment entered in this state. The same point decided in *The Manufacturers' and Mechanics' Bank of Philadelphia* v. *St. John*, (5 *Hill*, 497,) reasserted.

The provisions of the revised statutes forbidding the setting aside a judgment for irregularity after the expiration of one year, (2 *R. S.* 359, § 2,) does not prevent the setting aside a judgment by confession after that period, for the want of a sufficient warrant of attorney to confess such judgment.

The rule that a judgment regularly confessed by a solvent attorney will not be set aside on motion for the want of authority in the attorney, does not apply where the plaintiff procured the attorney to act; e. g. where the defendant executed a warrant authorizing the confession of a judgment in Pennsylvania, upon pretence of which the plaintiff procured a confession to be signed by an attorney of this court and a judgment to be entered here.

JUDGMENT against the defendants was entered in this court on the 10th of February, 1842, for $60,000 of debt, by virtue of a bond and warrant of attorney executed by the defendants to the plaintiffs on the 16th of April, 1841. The warrant was like that in 3 *Hill*, 461, (see also 5 *id.* 497,) except that it named a different attorney, and described both of the defendants as resi-

dents of the state of Pennsylvania. The defendants did not learn that a judgment had been entered until the 6th of May last, and they gave notice of this motion for the June special term, when it went over until the present term for the accommodation of the plaintiffs.

*N. Hill Jr.*, for the defendants, moved to set aside the judgment, on the ground that the warrant of attorney gave no authority whatever for entering a judgment in this state. (*Manufacturers' Bank* v. *St. John*, 5 *Hill*, 497.)

*J. A. Collier*, for the plaintiffs, said the warrant was broad enough to authorize a judgment here. 2. More than a year has elapsed since the judgment was entered, and it cannot now be set aside for irregularity. (2 *R. S.* 359, § 2.) 3. An attorney of this court appeared and confessed the judgment, and it does not appear that he is insolvent: the defendants must be left to their remedy against the attorney. (6 *John.* 296; 9 *Wend.* 437.)

*By the Court*, BRONSON, Ch. J. We adhere to the opinion expressed in *The Manufacturers' Bank* v. *St. John*, (5 *Hill*, 497,) that the warrant of attorney did not authorize the entry of a judgment in this state.

Although more than a year has elapsed since the judgment was entered, the motion is not made on the ground of mere irregularity. It involves a substantial matter of right. A judgment has been entered against the defendants without authority. The statute does not apply to such a case. (*Dederick's Adm.* v. *Richley*, 19 *Wend.* 108.) The defendants have lost no time in making the motion after they were informed of the judgment.

This is not a case for leaving the defendants to an action against the attorney who appeared in their names and confessed the judgment. The plaintiffs were parties to that transaction. They did what the creditor always does in such cases, presented the warrant, and requested the attorney to act under it. Although it is probable that neither they nor the attorney supposed they were doing a wrong, yet a wrong was done; and as the plain

tiffs were concerned in it, they can claim no benefit under it. It is not like a case where an attorney appears and acts for a defendant, without any knowledge on the part of the plaintiff that the attorney is acting without authoritv.

Motion granted.