A. C. COWLES, Adm'r., &c., *vs.* P. HAYES and T. N. COOPER.

A plaintiff who appealed from the judgment of a Justice for less than $25, in his favor, he claiming more, and the Judge having affirmed the judgment on the papers sent up to him, under sec. 539, C. C. P., is not entitled to a *recordari* to the Justice, as the case has already been removed from his Court.

Sec. 539, C. C. P., applies to appeals by *defendants* against whom judgment is rendered by a Justice for $25 or less, and not to appeals by plaintiffs, in whose favor judgment is given for $25 or less, and who fairly claimed more than $25 to be due.

*Recordari* heard before *Mitchell, J.*, at Spring Term, 1872, of the Superior Court of IREDELL.

The plaintiff brought an action as administrator of James Howard, against the defendants, before a Justice of the Peace, to recover $156.65, alleged to be due by note given at the sale of the intestate's property in the Spring of 1865, before the end of the war.    The plaintiff contended that the note was not

liable to scale, but the magistrate gave judgment according to the scale, for $4.06 and costs. The plaintiff appealed, and the Justice sent up the papers to the Judge, under sec. 539 C. C. P., (without the evidence). The Judge affirmed the judgment. Thereupon the plaintiff filed a petition for a *Recordari*, alleging the foregoing facts, and stating that he arrived at the the place of trial before the Justice, on the day fixed, before 11 o'clock, with his witnesses to prove the value of the property for which the note was given, but found that the Justice had already given judgment according to the scale; that the Justice refused to open the case or grant a new trial; and that the case had never been heard on its merits. His Honor thereupon ordered a writ of *recordari* to issue, and upon its return, on motion, ordered the case to be put on the Civil Issue docket of the Superior Court. The defendant appealed.

*Armfield,* for the plaintiff.
*Bailey,* for the defendant.

READE, J. In cases like this a *recordari* is a substitute for an appeal, and is never allowed except where a party has been deprived of the benefit of an appeal by accident. In this case the plaintiff was allowed an appeal from the judgment of a Justice of the Peace, and the appeal went up; and the judgment of the Justice was affirmed by the Judge of the Superior Court. If the plaintiff was disatisfied with that judgment, he had the right of appeal to the Supreme Court. But instead of appealing to the Supreme Court, he applied for a *recordari* to bring up the case from the Justice again.

The reason given for this unusual proceeding is, that under C. C. P., S. 539, in an appeal taken from a judgment of a Justice of the Peace, if the judgment appealed from is $25, or less, the Clerk of the Superior Court shall send the papers to the Judge, who shall determine only the matters of law therein. And that in this case the judgment appealed from was under

$25, and was, therefore, sent by the Clerk to the Judge, who, under the Code, could not enter into the facts and try the case upon its merits. And so, the plaintiff alleges, that, although he is entitled to a judgment for more than $25, yet, because the magistrate gave him judgment for less than $25, he was altogether cut off from a trial of the facts and upon the merits. This would seem to be so, and would evidently be a denial of justice, if that section of the Code is construed to apply to judgments in favor of *plaintiff*, where more than $25 is fairly claimed and *apparently* due. As, if the plaintiff sue on a note or an account for $100, the magistrate could deprive him of the benefits of an appeal and a trial upon the merits in the Superior Court, by giving him a judgment for $25 or less. This could not have been the intention of the law ; and, therefore, we must construe that provision to relate to appeals by *defendants*, against whom judgment is rendered for $25, or less, and who claim that it ought to be still less. And it does not apply to judgments in favor of plaintiffs for $25 or less, and who claim that it ought to be for more, and who have an apparent, and not a sham claim for more. The idea is that a trial in the Superior Court before a jury, of facts and law, ought not to be entertained when the amount in controversy is $25 or less ; and that a trial ought to be allowed when the amount is for more. The plaintiff, in this case, took his case from before the magistrate by an appeal, and that is an end of it, so far as the magistrate is concerned. Whether the plaintiff subsequently lost his rights by improvidence ; and if he did, whether he has any other remedy under section 133 of the Code, is not for our consideration. It is very clear that he has no remedy by *recordari* to the magistrate.

There is error. This will be certified to the end that the *recordari* may be dismissed.

Per Curiam.　　　　　　　　　　Judgment reversed.