J. M. WELLS v. F. SLUDER, Administrator, &c.

Upon an appeal to the Superior Court by a plaintiff, in an action commenced before a Justice of the Peace, for the recovery of $60 due by former judgment, the plaintiff is entitled to have the case heard *de novo*, and for that purpose it should be entered on the Civil Issue Docket.

(*Cowles* v. *Hayes*, 67 N. C. Rep. 123, cited and approved.)

CIVIL ACTION, commenced before a Justice of the Peace, and carried by appeal to the Superior Court of BUNCOMBE county, in which it was tried by *Henry, J.,* at Fall Term, 1872.

From the judgment of his Honor, dismissing the appeal, the plaintiff appealed.

The facts are stated in the opinion of the Court.

*J. H. Merrimon,* for appellant.
No counsel in this Court for defendant.

BOYDEN, J. This was a civil action, commenced before a Justice of the Peace, for the recovery of sixty dollars due by former judgment.

Upon the trial, a jury was empannelled and found their verdict for the defendant, and the Justice ordered judgment against the plaintiff for fourteen dollars and forty-five cents costs. From this judgment the plaintiff appealed to the Superior Court; and the case was regularly entered upon the issue docket at Fall Term, 1870, and then continued until Fall Term, 1872, when the defendant moved to dismiss the appeal, on the ground that the case had been improperly entered upon the issue docket. His Honor being of opinion with the defendant, dismissed the appeal.

This would have been error, even had it been a case where the plaintiff was not entitled to a trial *de novo* upon the facts; as in that case the Judge himself should have decided the case. But in this case the plaintiff was entitled to

a trial *de novo* upon the facts, as was decided in this Court. in the case of *Cowles* v. *Hayes*, 67 N. C. Rep. 128.

We presume his Honor had not seen that decision. This case is governed by that.

. There was error.

This will be certified.

PER CURIAM.                         Judgment reversed.