A. C. COWLES, Adm'r *v.* P. HAYES and T. N. COOPER.

An irregular judgment may be set aside at any time, and an injured party is not confined to a year after he has notice of it. A motion to vacate such judgment is the proper course to pursue, giving the opposing party notice of such motion.

(*Keaton* v. *Banks*, 10 Ired. 381, cited and approved.

MOTION to set aside a judgment, heard before *Mitcllell, J.*, at the Spring Term, 1873, of IREDELL Superior Court.

The plaintiff on the 27th day of January, 1873, gave the the defendants notice that he should move at the next term to set aside a judgment theretofore rendered against him, and re-instate the suit on the docket.

The facts as found by his Honor are : The plaintiff, as administrator of one James Howard, caused a summons to be issued and returned before a Justice of the Peace on the 12th day of February, 1870, against the defendants, to recover $156.65, alleged to be due by a note given by defendants at a sale of the intestate's property in the Spring of 1865, and before the close of the war. The plaintiff contended that the note was not liable to scale, but on the return day of the writ, the 12th of February, 1870, the Justice in the absence of the plaintiff, gave judgment for him against the defendants according to the scale, for $4.06 and for costs. From this judgment the plaintiff appealed, and the Justice sent up the papers to the Judge (without evidence), under section 539, C. C. P., and on the 20th day of August, 1870, the Judge at Chambers, (plaintiff being absent,) affirmed the judgment of the Justice, and from which judgment of affirmation the plaintiff did not appeal ; but on the 20th of September, 1870, the plaintiff filed his petition for a *recordari*, alleging the facts as stated, and alleging that he arrived at the place of trial before the Justice, before 11 o'clock on the day of trial, (which his Honor found to be true,) with witnesses to prove the value of the property for which the

note was given, but that the Justice had already given judgment according to the scale, and refused to open the case or grant a new trial, and that the case had never been heard upon its merits. His Honor thereupon ordered the writ of *recordari* to issue, which issued 17th September, 1870, and at Spring Term, 1872, on motion, ordered the case to be put upon the civil issue docket for trial. The defendant appealed to the Supreme Court, and at Fall Term, 1872, the certificate of that Court in said case being filed in the Superior Court of Iredell county, the *recordari* was dismissed.

The plaintiff having previously given the defendants notice at Spring Term, 1873, (having made the same motion at Fall Term, 1872, which was referred for want of previous notice to defendants,) moved to vacate the judgment rendered by his Honor at Chambers, on the 20th of August, 1870, as being irregular and contrary to the course of the Court, and to cause the said appeal from the Justice to be placed on the civil issue docket of said Court for trial. His Honor vacated and set aside the judgment, and ordered the cause to be placed on the civil issue docket for trial at the next term.

From this judgment, defendants appealed.

*Bailey*, for appellants, submitted the following brief:

1. The notice is insufficent for vagueness.

2. Irregularity waived by want of promptness in making the motion. *McEvers* v. *Markler*, 1 John Cases 248 ; *Nichols* v. *Nichols*, 10 Wend. 560. This principle has always been applied to the analogies of *certiorari* and *recordari*, and ignorance of the practice is no excuse. *Moreland* v. *Sanford*, 1 Denio 660.

3. Sec. 133, C. C. P., is a substitute for the former practice touching the vacating of judgments, and is exclusive. The relief moved for is not obtainable under this section, as the

application is not made within one year after notice (the petition for *recordari,* which avers notice having been filed 20th September, 1870).

4. The ground of an appeal was an error in law. Such an error was either patent or latent, and might be manifested to the Judge in two ways: (1.) Where it appears on the face of the proceedings. (2.) By affidavit. This was admissible under the old practice in certain cases, *Ferrell* v. *Underwood,* 2 Dev. 111; *Carr* v. *Woodliff,* 6 Jones 400, because not records, and this Court has decided that Justice's proceedings under the new system are not records. Had the supposed error in law been manifest, his Honor, it is submitted, should have taken one of two courses: (1.) Held that there was no error, and affirmed the judgment, or, (2. That there was error, and reversed the judgment and ordered a *procedendo.* Why put it on the civil issue docket? If a plaintiff, merely because it is his appeal, has the absolute right to have it put on the civil issue docket, without regard to the character of the issue, it is submitted the constitutional jurisdiction conferred on Justice's courts is swept away; for then all a plaintiff has to do is to fail to appear at the trial, (as in our case,) or to fail to bring forward (of purpose) evidence to sustain his claim, and on being defeated, appeal; and thus by an obvious artifice, the policy of the Constitution, the current legislation approved by this Court (*Hedgecock* v. *Davis,* 64 N. C.) in confining trivial litigation to Justice's courts will be defeated! It is submitted that so far from encouraging such a practice, the Courts should be astute to nip it in the bud.

5. The plaintiff by failing to appear at the trial according to the express provision of the Code, waived a jury trial. C. C. P., sec. 520. So that the appeal stood like an appeal under the old system, where on appeal the defendant failed to plead, which authorized the Judge to try with or without a jury according to *Ramseur* v. *Harshaw,* 8 Ired. 480.

6. Our case is distinguishable from *Commissioners* v. *Addington,* and *Wells* v. *Sluder,* 68 N. C. Rep. In both, judgments were rendered *against* the plaintiffs, and in each more than twenty-five dollars was demanded, but in the principal case, although nominally $156.65 was claimed, it was on a note executed during the war, to-wit: 3d of March, 1865, (see copy of note on page 9, transcript.) According then to his own showing, the plaintiff claims substantially the amount reduced by the scale, and thus the conclusion that he was suing for more "is excluded." It is the same as if the plaintiff had only claimed in terms, $4.06.

7. The judgment was held to be a regular judgment by this Court when the case was here before. *Cowles* v. *Hayes,* 67 N. C. Rep. 128; *White* v. *Albertson,* 3 Dev. 341; *Bender* v. *Askew,* 2 Dev. 150, for definition of irregular judgment.

8. But supposing it to be irregular—the plaintiff has been guilty of gross laches at every step.

(1.) In failing to appear at the trial.

(2.) In failing on the appeal by affidavit or otherwise, to bring to his Honor's notice the latent error in law.

(3.) By failing to move to set aside the judgment within one year after notice.

Judgment rendered August, 1870. Notice issued 27th January, 1873.

Even after the judgment of this Court at June Term, 1872, the plaintiff allows a term to pass, and over six months to elapse before he notifies.

And this Court has held that even in applications to set aside judgments taken contrary to the course of the Court, the motion will only be granted, "provided the application for that purpose be made in proper time." *Winslow* v. *Anderson,* 3 Dev. & Bat. 9.

*Armfield,* contra:

When this case was before the Court at June Term, 1872, see 67 N. C. Rep. 128, the Court decided that as the plaintiff appealed upon a claim for more than twenty-five dollars, the appeal ought to have been returned to the Court in term time, and not to the Judge at Chambers. Therefore the appeal being returned to Chambers was *coram non judice,* and the judgment was a nullity, and it was the duty of the Judge to treat the judgment as void, and order the case to be placed on the docket of the Superior Court for trial, as he has done.

Rodman, J. It is clear from what was said in this case in 67 N. C. Rep. 128, that the Judge erred in undertaking to decide the appeal from the Justice on the papers merely, and out of term time. It was held also that the plaintiff was mistaken in his remedy when he applied for a *recordari* to the Justice, because having appealed, the case was no longer before the Justice, but in the Superior Court. His only remedy possible was by applying to the Judge to vacate the judgment, which he made at Chambers. That is the course which he is now taking. The motion is not made under sec. 133, C. C. P., the plaintiff does not ground his claim to relief on his own mistake, inadvertence, surprise, &c., but he puts it on the ground that the judgment of which he complains was irregular, and against the course and practice of the Court. An irregular judgment may be set aside at any time, and a party injured is not confined to a year after he has notice of it. *Keaton* v. *Banks*, 10 Ired. 381. By which is meant within any reasonable time, having regard to the rights of third persons as well as to those of the parties. The judgment was irregular, because the Judge undertook to decide the case himself, when, as the papers showed, the plaintiff was entitled to a trial upon the facts by a jury. We think the application to set it aside was made in a reasonable time.

The judgment below is affirmed and the case remanded to be proceeded in, &c.

Let this opinion be certified.

PER CURIAM.                                   Judgment affirmed.