### WESLEY MAYFIELD v. ALEXANDER JONES.

When, in his complaint, the plaintiff demands unliquidated damages, there must be an enquiry to ascertain the amount thereof.

CIVI ACTION, for the recovery of the value of a mule, tried before his Honor, *Judye Watts*, at Fall Term, 1873, of GRANVILLE Superior Court.

The plaintiff alleges that the defendant converted to his own use, a mule belonging to him, of the value of $200. Defendant answers with a general denial.

At Fall Term, 1873, the Court required the defendant to give additional security or justify on or before the second day of the next term. This the defendant failing to do, the plaintiff moved for and obtained judgment against him for $200; from which judgment, defendant appealed.

*Batchelor, Edwards & Batchelor*, for appellant.
*Attorney General Hargrove*, contra.

PEARSON, C. J. The complaint demands $200 for the wrongful conversion of a mule. In some way or other, not apparent upon the face of the record, the defendant is made to give a bond and security " for the defence of said suit," and after many continuances, upon a rule to justify the former bond or give additional security, there is judgment that the plaintiff recover the sum of $200 and cost of suit, according to his complaint.

The demand was for unliquidated damages, and considering it as a judgment by default, there ought to have been an inquiry as to the amount of the damages.

There is error. Judgment reversed. This will be certified to the end that the pleading may be amended, so that the record may show whether the plaintiff sues for the note as in detinue or replevin, or sues for damages as in trespass or trover.

PER CURIAM.                              Judgment reversed.