J. W. WHITE *v.* H. A. SNOW.

The fact that a defendant supposed a summons which was served on him to be a paper in another cause pending between himself and plaintiff, and for that reason did not take any measures to answer the same, is not such excusable neglect as entitles him to relief.

In a judgment by default, the plaintiff can only take so much as is authorized by his complaint. If the judgment be for more, it is irregular.

If the demand in a complaint is for unliquidated damages, and a judgment by default is taken for a sum certain, it is irregular, and will be set aside upon a proper proceeding.

(*Bender* v. *Askew*, 3 Dev. 149; *Williams* v. *Beasley*, 13 Ired. 112; *Cowles* v. *Hayes*, 67 N. C. Rep. 128, and 69 N. C. Rep. 406; *Hartsfield* v. *Jones*, 4 Jones, 309, cited and approved.)

NOTE.—This cause was decided at the last (January) Term, but owing to the detention of the papers by some of the parties until too late, it did not appear in vol. 70.—REP.

MOTION to set aside a judgment, heard by *Moore, J.*, at the December (Special) Term, 1873, of HALIFAX Superior Court.

The following are the facts, as sent up by the appellant and as found by his Honor upon the trial below.

That the defendant, Snow, some time since, brought suit in this Court against the plaintiff, White, to recover damages because that White had taken certain tolls of a grist mill in which he alleged they were tenants in common.

That on the 21st October, 1870, the plaintiff herein sued Snow, the present defendant, causing a summons to be served on him, which summons, Snow alleges, he supposed to be a paper in the cause he knew to be pending against White; and for this reason he paid no further attention to the matter and did not retain counsel to defend said suit, returnable as it was to Fall Term, 1870, of the Superior Court of Halifax county. That the plaintiff did not file a complaint at the return term, to wit, Fall Term, 1870, nor at either Spring or Fall Terms, 1871, but did file said complaint as of Fall Term, 1870, by his attorney, W. H. Day, Esq., on the 8th December, 1871. In this complaint the plaintiff, White, alleged that the defendant, Snow, had entered on one-half of the said mill and ousted the said White therefrom, asking judgment for the recovery thereof and damages.

On the 1st day of December, 1871, at a Special Term of of Halifax Court, the plaintiff, White, upon motion only and without any evidence whatever, had judgment by default against the defendant, Snow, and thereupon issued his writ of possession and ousted him and has kept him out of the possession of said mill ever since.

On the 26th May, 1872, within less than six months from the rendition of the said judgment, Snow filed his affidavit setting forth the foregoing facts, and after due notice moved to set it aside.

His Honor, being of opinion that the judgment by default was regularly taken according to the course of the Court; that the same was not procured through fraud, ignorance, accident,

mistake or excusable neglect, and that therefore the Court had no power in law to set it aside, refused the motion.    From this refusal of his Honor the defendant appealed.

*Batchelor & Son,* for appellant.
*Conigland,* contra.

RODMAN, J.   This is an appeal by the defendant from a judgment refusing to set aside a judgment for want of an answer, given in favor of the plaintiff at a Special Term in December, 1871.

The motion to set aside the judgment was put on two grounds :

1. Excusable neglect, under section 133 of C. C. P.

The summons was duly served on the defendant by the delivery of a copy.   But he supposed it to be some notice or other paper in another suit then pending between the same parties, and paid no attention to it.   He does not say whether he read it or not.   It is impossible to hold such neglect excusable; it was extremely gross, and has not the slightest excuse.

2. The irregularity of the judgment.

It will be proper, before noticing the matters alleged as irregularities, to consider a general answer made by the counsel for the plaintiff, applying to them all.   He contends that no judgment can be irregular which is the deliberate act of the Judge. In the present case the judgment was signed by the Judge. An impression to this effect may arise on reading the cases of *Bender* v. *Askew,* 3 Dev., 149 ; *Williams* v. *Beasley,* 13 Ired. 112, and some other cases.   But in those cases the Court only instances judgments taken in the absence or without the knowledge of the Judge as illustrations of irregular judgments. A judgment is irregular if taken contrary to the established practice of the Court, and a Judge may mistake or inadvertently disregard the practice of his own Court.   *Cowles* v. *Hays,* 67 N. C. Rep. 128, and 69 N. C. Rep. 406.

Three irregularities are specified :

1. That the complaint was filed at a special term without any previous leave, and judgment by default taken at the same term.

Every summons must be returnable at a regular term, and regularly the complaint should be filed at the same term, unless the time be enlarged by order of the Court. It is unnecessary to decide whether an omission to file it then, would be of itself a discontinuance or failure to prosecute. But a failure to file it for an unreasonable time certainly would be, unless waived by the defendant, subject to a power in the Judge to allow of its being afterwards filed, if sufficient excuse for the delay was made to appear, and it could be done without prejudice to the defendant. But a defendant could not take advantage of the failure unless he appeared. It might be attended by some inconveniences to hold that a complaint could *under no circumstances* be filed at a special term, and if it could be, we see no reason why a judgment for want of appearance or answer might not be taken at the same term. We prefer to express no opinion on this point, as it is unnecessary that we should.

2. That the complaint is insufficient to warrant any judgment for the plaintiff. The alleged defect is, that the complaint does not allege in the plaintiff a right to the immediate possession of the land. It does not even say that defendant unlawfully withholds the possession, which by a stretch of liberality has been held an assertion by implication of a right to immediate possession in the plaintiff. No doubt the defect would be cured by a verdict, because it is presumed that no Judge would permit a verdict to be given for a plaintiff without some evidence of so essential an element of his right. But a judgment by default is supported by no such presumption, and a plaintiff must be careful to take only such judgment as is authorized by his complaint.

3. That the judgment was final for the sum claimed as damages in the complaint, instead of interlocutory with an enquiry as to the damages. As the complaint was on its face for unliquidated damages, this was certainly irregular. C. C. P., sec.

217, sub sec. 2. *Hartsfield* v. *Jones*, 4 Jones, 309; *Williams* v. *Beasley*, 13 Ired. 112.

Judgment below reversed. Let this opinion be certified, to the end, &c.

PER CURIAM.                              Judgment reversed.