## In re College Street.

Judgments, when irregular, or void for want of jurisdiction, may be set aside upon motion after the term has ended at which they were entered ; although, usually, courts after the close of such term cannot on mere motion alter or annul their judgments.

The decrees of this court confirming assessments made by commissioners appointed after March 28, 1873, when cap. 313 of Public Laws, "Board of Public Works Act," went into effect, by an order of court made under "An act in relation to the laying out, enlarging, straightening, or otherwise altering streets in the city of Providence," of January, 1854, as if cap. 313 had not been a law, are, together with the assessments made by such commissioners, null and void.

STATUTORY proceedings relative to opening highways. On motion to vacate decrees.

*March* 3, 1877. DURFEE, C. J. These are motions to vacate certain assessments for benefit made in the matter of the widening of College Street. The assessments were made by commissioners appointed under the act passed in January, 1854, entitled " An act in relation to the laying out, enlarging, straightening, or otherwise altering streets in the city of Providence," [1] and the act passed March 24, 1871, in amendment thereof.[2] The commissioners were appointed after the 28th day of March, 1873, the day on which " An act establishing a board of public works in the City of Providence " [3] went into effect. They were appointed by a decree of this court, which was drawn precisely as if the act establishing the board of public works had never been passed. They proceeded to assess for benefits, and to report their assessments to this court, precisely as if the act had never been passed. Upon the coming in of their report notices were given as if the act had never been passed, and the report was subsequently confirmed by the court as to all persons who had not claimed a jury trial, in the same manner in which such reports were usually confirmed previous to the passage of the act. The act establishing a board of public works, nevertheless, had materially abridged the powers of commissioners, and had altered the mode of procedure under the act of 1854. It had in fact deprived the commissioners of all power to assess for benefit, conferring that power on the board of public works, and had limited the power of the commissioners to estimating for loss and damage without deduction for benefits. It is clear, therefore, that all assessments for benefit made by the commissioners were

---

[1] This act is printed in 4 R. I. 230 *seq.*, *In the Matter of Dorrance Street.*

[2] Cap. 921 of Public Laws.

[3] Cap. 313 of Public Laws, act of March 28, 1873. Section 7 of this act provides that the " board of public works shall make all assessments for benefits under the act entitled ' An act in relation to the laying out, enlarging, straightening, and otherwise altering streets in the City of Providence,' and the commissioners hereafter appointed under the provisions of said act shall estimate only the loss and damage to the respective owners of lands and estates taken under the provisions of said act, without deduction for benefits, and shall transmit to said board a certified copy of such estimate at the time of filing a copy of such estimate with the city clerk."

unauthorized and void.   It is also clear that the report of the commissioners, in so far as it reported such assessments, was upon its face manifestly unauthorized and void.   And it further follows that the confirmation of the report by this court, being simply a confirmation of a void report of void assessments, could not give such assessments any validity or effect, for the power given this court to confirm necessarily implies that the report will be confirmable and not a mere nullity.   The jurisdiction is wholly statutory in the court as well as in the commissioners, and, such being the case, the action of the. court is as nugatory as the action of the commissioners, when not within the powers conferred upon it by statute.   And, moreover, since the invalidity resulted not from any informality in the exercise of power, nor from any matter merely personal to the parties, but from an absolute want of power and jurisdiction in the commissioners and in the court, it follows that the report and its confirmation can have acquired no validity from consent or acquiescence, express or implied, without something more than consent or acquiescence to create an estoppel ; for consent and acquiescence do not confer jurisdiction.   *Thatcher* v. *Powell et al.* 6 Wheat. 119 ; *Shriver's Lessee* v. *Lynn*, 2 How. U. S. 43, 60 ; *Folger* v. *Columbian Ins. Co. et als.* 99 Mass. 267 ; *Watson* v. *Bodell*, 14 M. & W. 57, 69.

The motions before us are of two kinds : first, motions by persons who have claimed jury trials, and as to whom the report of the commissioners has not been confirmed ; and, second, motions by persons who did not claim jury trials, and as to whom the report has been confirmed.   We see nothing to prevent our granting the first kind of motions ; for certainly, objeċtion being made, we shall not confirm the report in a particular in which we consider it to be utterly void, and not to confirm it is in effect. to vacate or reject it.   And see *In the Matter of Mount Pleasant Avenue*, 10 R. I. 320.   The question arising upon the other motions is different.   The report was confirmed at the March Term, 1874.   The motions were not filed until the October Term, 1874, or later.   Ordinarily the court has no power over its judgments, to alter or annul them upon mere motion after the close of the term at which they were rendered.   It is claimed, however, in support of the motions, that, while this is ordinarily

so, yet the rule has its exceptions, and that judgments may be set aside on motion after the term at which they were entered, when they are irregular, or void for want of jurisdiction. The cases support this claim. Thus judgments have been set aside on motion made after the terms at which they were rendered, when they were rendered against defendants after their death; *Hooe* v. *Barber et al.* 4 Hen. & M. 439; *Holmes & Palmer* v. *Howie*, 8 How. Pr. 384; or against an infant defendant without guardian *ad litem* appointed; *Keaton* v. *Banks et al.* 10 Ired. 381; or against defendants over whom the court had no jurisdiction for want of service of process on them; *Ex parte Crenshaw*, 15 Pet. 119; *Harris* v. *Hardeman*, 14 How. U. S. 334; *Wood, Grant & Wood* v. *Luse & Niles*, 4 McLean, 254; *Franks* v. *Lockey et al.* 45 Vt. 395; *Hallett* v. *Righters & Salter*, 13 How. Pr. 43; *Pitt* v. *Davison*, 37 Barb. S. C. 97; or where for other causes they were not duly rendered. See *Dederick's Adm'r* v. *Richley*, 19 Wend. 108; *Manuf. & Mech. Bank* v. *Boyd et al.* 3 Den. 257; *Mills & Co.* v. *Dickson & Mills*, 6 Rich. 487; *Reynolds* v. *Stansbury et al.* 20 Ohio, 344; *Winslow* v. *Anderson & Duckworth*, 3 Dev. & B. 9; *City of Olney* v. *Boyd*, 50 Ill. 453; *Cowles, Adm'r*, v. *Hayes & Cooper*, 69 N. C. 406; *United States* v. *McKnight*, 1 Cranch C. C. 84. In *Hervey & Co.* v. *Edmunds*, 68 N. C. 243, the court say that a judgment void for want of jurisdiction of the subject matter may be set aside or stricken from the records *ex mero motu*, or at the instance of any person interested in having it done. In that case the motion was made several terms after the entry of the judgment. It was refused; not however because made too late. In *Forman et al.* v. *Carter et al.* 9 Kans. 674, the opinion of the court was that a void judgment can be set aside at any time on motion. In *Crane, Adm'r*, v. *Barry*, 47 Ga. 476, the court entered judgment on an award, having power to transform a statutory award into a judgment. At a subsequent term the court set the judgment aside on motion, holding it to be void upon the ground that the award was not a statutory but simply a common law award. In *Shuford* v. *Cain*, 1 Ab. U. S. 302, a judgment rendered by a United States Circuit Court, in a cause over which it had no jurisdiction under the Judiciary Act, was set aside by the court on motion at a subsequent term as a nullity. See also *Cannon* v. *Reynolds*, 5 El. & B. 301.

We think the cases abundantly show our authority to grant the motions. We think, too, the motions ought to be granted; for though our decree is void, it is not necessarily innocuous. Under the act of 1854 the assessments are not enforced by execution issuing out of this court, but are added to the taxes of the persons whose estates are assessed, and are a lien upon those estates. In the case at bar the assessments have been added to the taxes. This has been done under the sanction of our decree. The persons whose estates are clouded by the assessments, and who are threatened with their collection, move us to vacate the decree and the report confirmed by it, in so far as they purport to confirm or report any assessments against them.

The motions to that extent are granted.

*Assessments vacated, and decree vacating order of confirmation of the commissioners' report as to assessments against parties who have not paid the assessments nor claimed jury trials.*

*Wingate Hayes, Rollin Mathewson & James Tillinghast,* for various applicants.

*Nicholas Van Slyck,* City Solicitor for the city of Providence, opposing.

NOTE BY THE REPORTER. — The foregoing decision, as to the effect of the Board of Public Works Act, supplements *In re Dyer Street, ante,* p. 166. In that case the commissioners were appointed before, but qualified after, the Board of Public Works Act went into effect.