JOSEPH A. MABRY v. MARCUS ERWIN and others.

*Practice—Judgment by Default--Former Judgment.*

1. A judgment by default rendered by the Superior Court in term time in an action upon a former judgment or decree, is regular without proof of such judgment or decree being made before the Clerk; section 218 of the Code is suspended by the act suspending the Code. Bat. Rev. ch. 18.
2. A motion made after the expiration of a year to set aside a judgment under C. C. P. § 132, cannot be allowed.

MOTION to set aside a Judgment heard at Fall Term, 1877, of BUNCOMBE Superior Court, before *Schenck, J.*

The plaintiff obtained a judgment final by default against the defendants at a former term of said Court, in an action based upon a former judgment or decree of the late Court of Equity. His Honor allowed the motion upon the ground that the judgment was irregular, being of opinion that the plaintiff was not entitled to said judgment by default without some proof of the former decree made to the Clerk as provided in C. C. P. §217. From which ruling the plaintiff appealed.

*Mr. J. H. Merrimon* for plaintiff.
*Messrs. Battle & Mordecai* for defendants.

READE, J. An irregular judgment, that is to say, a judgment rendered contrary to the course and practice of the Court, may be set aside at any time, even after the term of the Court which rendered it.

This was not controverted. And the judgment in this case being rendered by default final upon a former judg-

---

MABRY *v.* ERWIN.

---

ment, it was supposed by His Honor to be irregular, be-cause contrary to the provisions of C. C. P. §217.

His Honor was however, mistaken in supposing that, that section of the Code governed the practice in that case, be·cause it had been suspended by the subsequent statue, Bat. Rev. ch. 18, suspending the Code. And the judgment was not rendered by the Clerk under C. C. P. §217, but by the Court in term time, and was in all respects regular. It was error, therefore, to set it aside.

Error.

PER CURIAM.                              Judgment reversed.

NOTE.—In a case between the same parties at the same term of said Court, before *Schenck, J.,* the motion· was denied upon the ground stated in the opinion, as follows :

READE, J. An irregular judgment may be set aside at any time, but a regular judgment cannot be set aside after the term of the Court which rendered it. So the law stood before C. C. P., and so it stands now, except that under C. C. P. § 133, even a regular judgment may be set aside for mistake, inadvertence, surprise, or excusable neglect of the party against whom it is rendered, if motion is made within one year.

More than a year had expired before the motion was made in this case, and, therefore, it cannot be allowed.

No error.

PER CURIAM.                              Judgment affirmed.