GEORGE W. WYNNE v. JOSEPH P. PRAIRIE.

*Excusable Neglect under Section* 133 *of the Code—Judgment Final and Interlocutory—Writ of Inquiry.*

1. On motion to set aside a judgment on the ground of excusable negligence, it appeared that the defendant had twice called on the clerk to enter upon the docket the name of the attorney whom he had employed, and the clerk promised to do so. The attorney himself applied to the clerk to examine the plaintiff's complaint, but was unable to see it, and during the balance of the term was absent in obedience to a summons as a witness; *Held* that defendant's neglect is excusable.

2. Suggestions of the court indicating the present status of the law, in reference to judgments final by default upon sworn complaint in actions to recover money; and to the old practice of a writ of inquiry to ascertain amount of an unliquidated demand. (A decision upon this question was subsequently made in *Rogers* v. *Moore, post.*)

(*Griel* v. *Vernon,* 65 N. C., 76; *Bradford* v. *Coit,* 77 N. C., 72; *Mebane* v. *Mebane,* 80 N. C., 34; *Mabry* v. *Erwin,* 78 N. C., 45; *Rollins* v. *Henry, Ib.,* 342; *Hartsfield* v. *Jones,* 4 Jones, 309; *Parker* v. *Smith,* 64 N. C., 291; *White* v. *Snow,* 71 N. C., 232; *Mayfield* v. *Jones,* 70 N. C., 536; *Oates* v. *Gray,* 66 N. C., 442; *Sutton* v. *McMillan,* 72 N. C., 102, cited and approved.)

MOTION to set aside a judgment upon the ground of excusable negligence, heard at January Term, 1881, of WAKE Superior Court, before *Graves, J.*

The judge allowed the motion and the plaintiff appealed.

*Messrs. Hinsdale & Devereux,* for plaintiff.
*Messrs. Argo & Wilder* and *Fowle & Snow,* for defendant.

SMITH, C. J.   The plaintiff sued out his summons in September, 1879, returnable to the term of Wake superior court, held on the second Monday in February, 1880; filed his complaint in the clerk's office, under oath, on the last day of January preceding; withdrew and amended it by

leave of the court, also under oath, on February 20th during the second week of the term; and on the last day, no counsel appearing, caused judgment final to be entered for the aggregate sum demanded. The causes of action set out in the complaint are an indebtedness contracted by the defendant with G. W. Wynne & Co., between September 1st, 1869, and February 13th, 1872, for board and attention to his horses, for goods sold and delivered, for horses and carriages furnished for his use, and for money loaned; and a further indebtedness, for similar objects, incurred with Wynne, Yancey & Co., between May 17th, 1872, and February 5th, 1877, both of which claims have been assigned to the plaintiff and make the amount of $190.59, demanded. The defendant after notice obtained a writ of *supersedeas*, suspending further action of the sheriff in the enforcement of the execution which had been issued on the judgment, and upon his affidavit, stating the grounds of the application, moved the court for an order to set aside and annul the judgment. This motion was heard at January term 1881 and allowed, and the facts found upon which the decision was rendered, are set out in the record.

We concur in the ruling that the case presented is one of excusable neglect under the interpretation heretofore put upon the statute, and warrants the exercise of the discretionary power conferred upon the judge. The defendant had engaged counsel to defend the action, and as he alleges, is not indebted to the plaintiff in any sum. He twice called on the clerk, once before the beginning, and again on the second day of the term, informing that officer of the name of the counsel employed, and requesting his appearance to be entered, if it had not already been done, and this the clerk promised him should be done. The attorney himself also applied at the clerk's office to see and examine the complaint, but was unable to see it, and being summoned to appear before a committee of the United States Senate,

as a witness, left during the first week for Washington, and was absent during the rest of the term. This summary recapitulation suffices to show the active and persevering efforts of the defendant to secure the services of counsel, and reasonably relying upon his defending the action, he is not chargeable with the inattention and neglect which debar him from asking relief against the judgment.

It was his duty to have counsel, and the duty of his counsel to see that the action was properly defended. An examination of the complaint and the causes of action therein set out, was necessary to an intelligent conference between them, and that the former should put the latter in possession of the facts to be put in the answer in opposition to a recovery.

The present case is not unfavorably distinguishable from *Griel* v. *Vernon*, 65 N. C., 76, in which an early construction was given to section 133 of the Code.

"In this case," remarks RODMAN, J., "the party retained an attorney to enter a plea for him; that an attorney should fail to perform an engagement to do such an act as that, we think may be fairly considered a surprise on the client."

The same view of the act is taken in the subsequent case of *Bradford* v. *Coit*, 77 N. C., 72, in which READE, J., referring to the preceding adjudication, says: "We have said that where a party employs counsel to enter his plea and the counsel neglects it, in consequence of which judgment is given against the party, it is excusable neglect in the party and the judgment may be vacated." And this is again reaffirmed in *Mebane* v. *Mebane*, 80 N. C., 34.

The plaintiff however insists that the defendant was himself negligent, in that, he failed to communicate to his attorney the grounds of his defence, and for this no sufficient excuse is given. But before this it is obvious the attorney should have seen and known the charges contained in the complaint, and with the knowledge thus obtained, to confer

with the client and ascertain from him the material matters to be embodied in an answer to the demand; and the laches in this particular is not attributable to the defendant. But the attorney did endeavor to see, and failed to see the complaint before he left. Moreover the complaint itself was afterwards withdrawn, though with permission of the court, and amended in some particular not stated, but it must be deemed material or it would not have been done, and it is this complaint upon which the judgment is founded.

In view of these attending circumstances it was within the sound discretion of the judge to set aside the judgment and re-open the cause for a trial upon the merits.

We do not deem it necessary to enquire whether there was irregularity in entering up a final judgment at the return term for the defendant's failure to appear and answer, for though the complaint is for goods sold and services rendered during several years, it avers a positive promise to pay the specified balance claimed, and a judgment final is authorized when the complaint is sworn to and the action is upon a contract for the recovery of money only, as it is when the complaint is not so verified and the cause of action set out is a written instrument for the payment of money only. In both cases, whether the contract be in writing or rests in parol, it seems to be the intent of the act that it should be for the payment of some definite sum and not for a money demand, whether arising out of contract or not which is but the measure of damages for its breach, nor for the implied contract to pay what the goods or services are reasonably worth.

But very material changes in this section of the Code (217) result from the amendatory legislation which requires all process to be returned to a regular term of the court, and reduces the summons to one form in requiring it to be for the relief demanded in the complaint. Bat. Rev., ch. 18. Acts 1876-'77, ch. 241.

The judgment is no longer rendered by the clerk representing the court, but is the act of the presiding judge, and should be signed by him, although his omission to authenticate it by his signature is not essential to its validity. *Mabry* v. *Erwin*, 78 N. C., 45; *Rollins* v. *Henry*, *Ibid.*, 342.

The requirement in the Code that upon default the clerk "shall enter judgment for the amount mentioned in the summons" has become impracticable by the change in its form, and it would seem that the provisions in regard to ascertaining the amount of an unliquidated demand by the clerk, have been superseded by the restoration of the old practice of a writ of inquiry following the interlocutory judgment that the plaintiff ought to recover, and that he do recover his damages, until they have been assessed and determined. This court has also extended the right to a final judgment, as in *Mabry* v. *Erwin*, *supra*, to cases which do not rest on contract, but where the judgment is for a definite and liquidated demand according to the former mode of procedure. *Hartsfield* v. *Jones*, 4 Jones, 309; *Parker* v. *Smith*, 64 N. C., 291; *White* v. *Snow*, 71 N. C., 232; *Mayfield* v. *Jones*, 70 N. C., 536; *Oates* v. *Gray*, 66 N. C., 442; *Sutton* v. *McMillan*, 72 N. C, 102.

In the latter case the court intimate that the clerk must still himself ascertain the amount of an uncertain demand, because the judgment by default is to be "as now allowed by law," but decline to express "any positive opinion on the question."

We have made these suggestions as the possible result of legislation, and indicating the present status of the laws regulating the practice, but without a committal which may interfere with their calm and impartial consideration when the questions come up directly for judgment. There is no error and this will be certified.

No error.                                                    Affirmed.