WILLIAM T. ROGERS v. GEORGE B. MOORE.

*Judgment, final and interlocutory— Writ of Inquiry—Damages.*

1. Judgment final may be rendered in an action for the recovery of money where a specific sum is contracted to be paid, and where the complaint is sworn to and no answer filed. C. C. P., §217.

2. But in an action for goods sold or services rendered, and the like, even though the complaint be verified and no answer filed, the judgment is interlocutory, and the former practice of referring the inquiry of damages to a jury under the supervision of the judge, is restored by the act suspending the Code. Bat. Rev., ch. 18.

(*Hartsfield* v. *Jones*, 4 Jones, 309; *Parker* v. *Smith*, 64 N. C., 291; *White* v. *Snow*, 71 N. C., 232; *Mayfield* v. *Jones*, 70 N. C., 536; *Oates* v. *Gray*, 66 N. C., 442; *Mabry* v. *Erwin*, 78 N. C., 45, cited and approved.)

CIVIL ACTION tried at January Term, 1882, of WAKE Superior Court, before *Gilmer, J.*

The plaintiff filed a verified complaint demanding payment for the sum of $514.30, alleged to be due on account of money lent, board and lodging furnished, and goods sold and delivered, and at the trial judgment by default final for want of an answer was rendered, and the defendant appealed.

*Messrs. Argo & Wilder,* for plaintiff.
*Messrs. Gatling & Whitaker,* for defendant.

SMITH, C. J. In the opinion delivered at the present term in *Wynne* v. *Prairie, ante,* 73, we adverted to section 217 of the C. C. P. and the proper construction to put upon its provision for a final judgment in "an action arising on contract for the recovery of money only," where the complaint was sworn to and no answer filed. We expressed the opinion that the cases contemplated were those in which a specific sum was contracted to be paid, and the section did not extend to those implied contracts to pay for goods sold or services rendered, whatever they were reasonably worth and whose value was to be determined by others. The present appeal is of this kind. The action is for goods sold and delivered, board and lodging furnished and money lent, not at an agreed price, but which the complaint declares " were reasonably worth" the sum of $514.30.

Under the former practice, if the action be in *assumpsit,* case, covenant or the like, to recover an unliquidated demand,

or uncertain damages for an injury sustained, it is called an interlocutory judgment, it being necessary before such judgment can be finally entered up, to take some further steps in order to get such demand or damages liquidated or assessed. This is done by a writ of inquiry. 1 Sell. Pr., 347; Step. Pl., 105.

Referring to the practice in actions of assumpsit, BATTLE, J., says: Upon a default in that action which *sounds in damages*, the judgment is necessarily interlocutory. *Hartsfield* v. *Jones*, 4 Jones, 309.

The rule prescribed in the Revised Code, ch. 31, § 91, dispensed with a jury and directs the clerk to compute the interest preparatory to a final judgment by default in suits "instituted on a single bond, a covenant for the payment of money, bill of exchange, promissory note, or a signed account," contemplating the rendition of such judgment upon written instruments which themselves specify the precise sum to be paid, and need only an estimate of accrued interest. The like general rule has been recognized and followed under the new procedure.

DICK. J., speaking for the court in *Parker* v. *Smith*, 64 N. C., 291, uses this language: "The case before us is an action of *assumpsit* for goods, wares and merchandise, sold and delivered, and the specific articles are not set forth in the declaration. The judgment by default admitted the cause of action, and the plaintiffs were entitled to nominal damages, without introducing any proof. But in seeking substantial damages, they were not relieved from the necessity of proving the delivery of each article and the value thereof." See *White* v. *Snow*, 71 N. C., 232 ; *Mayfield* v. *Jones*, 70 N. C., 536 ; *Oates* v. *Gray*, 66 N. C., 442.

In the last case the judgment was reversed for irregularity, having been entered up as final, on an unsworn complaint for goods sold, &c., and the court adverts to the fact that the complaint was not verified, but does not attempt to

mark the line of discrimination between the cases in which the judgment may be final and those in which it must be interlocutory. The section of the Code under review, so far as it undertakes to delegate judicial power to the clerk which he might exercise in vacation, has been superseded and rendered inoperative by subsequent legislation which makes the summons returnable to terms of the court, and the judgments the act of the judge and not of the subordinate officer under him. Bat. Rev., ch, 18 ; *Mabry* v. *Erwin,* 78 N. C., 45.

The result seems to restore the old practice in this particular, and to refer the inquiry of damages after an interlocutory judgment to the jury acting under the supervision of the judge, and not to leave this to the mere oath of the plaintiff as to what he supposes those damages to be.

The judgment must therefore be reversed for irregularity, and this will be certified to the end that the cause proceed in the court below.

Error.                                                          Reversed.