## SUPREME COURT.

### SAMUEL HALLETT agt. WASHINGTON RIGHTERS and WILLIAM SALTER.

The provisions of the Code for the recovery of judgment upon service of the summons by publication, and deposit in the post-office, directed to the person to be served, at his place of residence, are new, and the statute must be strictly pursued and fully complied with, to confer *jurisdiction.*

After service is complete, the court can amend whatever is *irregular*, but cannot amend any of the proceedings tending to confer *jurisdiction.* Nor does the Revised Statutes, which directs that no judgment shall be set aside for irregularity on motion, unless such motion be made within one year, &c., apply to such proceedings.

Where judgment was entered against non-resident defendants by the *clerk*, upon service of the summons by publication, and it appeared upon the face of the record that the affidavit of the printer did not show six weeks' publication of the summons, under and *in pursuance* of the judge's order; that it did not contain any proof that the summons and complaint were deposited in the post-office directed to the defendants at their place of residence, or that such residence was either unknown to the plaintiff, or could not with reasonable diligence be ascertained by him; *that the affidavit presented to the judge for the* order of publication, formed no part of the record,

*Held*, that the record of judgment did not show jurisdiction upon its face. Such jurisdiction should always be so shown in such cases, as they are in the nature of special proceedings, and nothing can be intended in their favor—all records of judgment should show jurisdiction of the person.

Besides, the *clerk* has no authority to enter such a judgment : his authority to enter judgment only exists when the summons has been *personally* served.

Judgment could not regularly have been entered up in this case, except by the special order of the *court*, and upon due proof of the service of the summons in conformity with the judge's order.

The court has the power to set aside a judgment, after the lapse of one year, upon *motion* for *want of jurisdiction.*

*Livingston Special Term, Aug. 1856.*

MOTION to set aside judgment.

On due proof that defendants were residents of the state of Pennsylvania, and had property in this state, and that a cause of action existed against them on contract, made to Justice

Hallett agt. Righters and Salter.

JOHNSON, an order was made by him, dated February 27, 1854, ordering the service of the summons in the action by publication thereof, once in each week for six weeks, in a newspaper in Steuben county, and one in Chemung, and that a copy thereof be sent by mail to the defendants at their residence—under § 135 of the Code. The summons was dated Feb. 24, 1854. No complaint was filed until May 6, 1854; when, on filing complaint, copies of summons, with affidavit of publication, and order of the judge directing service by publication, a judgment was entered up by the clerk of Steuben county for $703.51, besides costs. No proof of service of the summons was made to the court, nor was any application made to any judge except the order of publication.

The affidavit of the printer of the *Hornellsville Tribune*, one of the papers in which the summons was directed to be published, stated its publication in said paper six weeks from the 24th day of February, 1854. No proof of service of the summons by mail, as directed by the order, was made or filed before or with the judgment-roll; nor was the affidavit, on which the judge's order was made, on file or inserted in the roll. No proof of debt on examination of plaintiff was ever filed or made.

> ROBERT CAMPBELL, *for motion.*
> D. RUMSEY, *for plaintiff.*

E. DARWIN SMITH, Justice. The proceedings for the recovery and entry of this judgment in this action have been exceedingly loose, and it would have been set aside, on motion, at any time within one year after it was docketed as irregular.

But the statute of limitations (2 *Revised Statutes*, 358, § 2,) has cured all questions of mere irregularity. Actions in this court are commenced by the service of a summons. (Code, § 127.) Section 139 provides that from the time of the service of the summons in a civil action, the court is deemed to have acquired jurisdiction, and to have control of all subsequent proceedings.

Publication of the summons and service by mail in pursuance of an order duly obtained under § 135 from a judge of the court, is equivalent to personal service.

The proceedings up to the point when the service is complete by publication and by mail, are *jurisdictional facts*. After service is complete, the court can amend whatever is irregular—but cannot amend any of the proceedings tending to confer jurisdiction. Nor does the statute apply to any such proceedings. The section of the Revised Statutes is as follows:—

"No judgment in any court of record shall be set aside for irregularity, on motion, unless such motion be made within one year after the time such judgment was rendered."

The provision of the Code for the recovery of judgment, upon service of the summons by publication and deposit in the post-office, directed to the person to be served, at his place of residence, is new, and the statute must be strictly pursued and fully complied with, to confer jurisdiction.

In this case the affidavit of the printer of the *Hornellsville Tribune* is defective. It does not show six weeks' publication of the summons, under and *in pursuance* of the judge's order. Its publication before the making of the order was entirely unauthorized and nugatory. This defect in one of the steps required by the statute to complete the substituted service of the summons, is apparent upon the face of the record. Another defect is the absence of any proof that the summons and complaint were deposited in the post-office, directed to the defendants at their place of residence. This was indispensable, unless it appeared that such residence was either unknown to the plaintiff, or could not, with reasonable diligence, be ascertained by him. If this was the case, these facts should have been stated in the affidavit presented to the judge, which should be filed with the judge's order. In this case the residence of the defendants was known, and the order of the judge directed service to be made upon them by mail, at their residence at Columbia, in Pennsylvania.

The order of the judge proves itself and its recitals, and yet I think that the affidavit presented to him should form part of

the record. The order must be construed in connection with the affidavit, and may be helped by it.

The notice in the body of the summons should state where the summons *is* or *will be* filed. The summons in this case states, that the summons "*is* filed in the office of the clerk of the county of Steuben"—which was untrue. In this particular, also, the statute was not complied with; and the clerk, besides, had no authority to enter the judgment in this case. His authority to enter judgment only exists when the summons has been *personally served.* (§ 246.)

Judgment could not have been regularly entered up in this case, except by the special order of the *court,* and upon due proof of the service of the summons in conformity with the judge's order.

The records of judgment in these cases should show jurisdiction upon their face. They are in the nature of special proceedings, and nothing can be intended in their favor on the point of jurisdiction. (*Thatcher* agt. *Powell,* 6 *Wheaton,* 127.) All records of judgment should show jurisdiction of the person. (*Smith* agt. *Fowle,* 12 *Wend.* 11.) I think it is very clear that this court has never acquired jurisdiction of the defendants, and that the judgment is *utterly void.* (*Borden* agt. *Fitch,* 15 *Johns.* 141; *Bigelow* agt. *Stearns,* 19 *id.* 39.)

The remaining question is, whether the court should set aside a judgment after the lapse of one year, upon *motion,* for want of jurisdiction. The power of the court to do so, I think, cannot be doubted.

The only limitation upon its control over its judgments is the statute, which forbids us to set aside judgments for irregularity after one year; but this does not apply to questions of right or substance. (*Dedrick's Administrators* agt. *Richly,* 19 *Wend.* 108; *Manufacturers' & Merchants' Bank* agt. *Boyd & Cowden,* 3 *Denio,* 257.)

The defendants cannot have an appeal in this court, or to the court of appeals, from this judgment; and there is no simple remedy, except upon motion in this court, to set it aside. It will doubtless save litigation to set aside such judgments on

motion; and if the court errs in making any order to that effect, an appeal will lie from such order, and the question can be speedily disposed of.

Upon the authority of the two cases last cited, I think this judgment and all subsequent proceedings thereon must be set aside; and it is so ordered, with $10 costs.