# COOK *a.* FARMER.

*Supreme Court, First District; Special Term, August,* 1860.

### SERVICE BY PUBLICATION.—AFFIDAVIT OF ABSENCE.

An affidavit made to obtain an order for service of summons by publication is insufficient to sustain an order which directs publication merely, without directing service by mail, unless such affidavit shows the fact of plaintiff's inability to discover the place of residence of the defendant sought to be served.

An order made on such a defective affidavit is without jurisdiction.

Motion to compel purchaser at a judicial sale to take a conveyance.

The facts are stated in the opinion.

INGRAHAM, J.—This was an action brought for the partition of lands. One of the defendants, Josephine A. Demphill was an infant, and resided in California. In order to obtain jurisdiction over this defendant, it was necessary either to make a personal service, or to proceed under section 135 of the Code by publication. On the plaintiff's affidavit, it appeared that "*Josephine Demphill resided in California, but her present place of residence therein deponent was unable to state.*" On this affidavit, the judge made an order that it appeared to his satisfaction that the defendant Josephine could not after due diligence be found within the State, and that it appeared in like manner that the residence of Josephine Demphill was neither nor could with reasonable diligence be ascertained by the party making the application, and he directed publication, without directing service on the party.

The Code provides (see § 135) that when publication is ordered, the court must direct a copy of the summons and complaint to be deposited in the post-office, directed to the party at his residence, unless it appears that such residence is unknown to the party, *nor can with reasonable diligence be ascertained by him.*

The fact of non-residence is to be made out to the satisfaction of the judge. The fact of inability to discover the residence of the defendant is to be made to appear.

There is but one way in which facts can be made to appear, that is by evidence. In applications of this kind it must be by affidavit.

In Hallett *a.* Righters (13 *How. Pr.*, 43), Justice Smith says: " The facts should have been stated in the affidavit presented to the judge, which should be filed with the order, and the order must be construed in connection with the affidavit."

In Sibley *a.* Waffle (16 *N. Y.*, 189), it is said, " The affidavit showed what the officer considered satisfactory proof." " It is not to be presumed that he had other evidence, or that the publication was different from the statement in the affidavit."

In Warren *a.* Tiffany (9 *Abbotts' Pr.*, 67), the affidavit was referred to, to show that an order of publication was unauthorized, and the order was held to be void because the affidavit did not contain the facts necessary to warrant that proceeding. I think it clear in this case, that the affidavit furnished no evidence that any attempt had been made to discover the residence of the defendant. The party making said he could not state where it was, but he should use efforts to discover it. In such a total absence of proof of any attempt to discover such residence, it is difficult to adopt the conclusion that any jurisdiction over this defendant had been obtained.

POTTER, J., in Titus *a.* Relyea (16 *How. Pr.*, 371), says: " We are bound to see that the statute has been strictly pursued. The persons and estates of individuals would be subject to alarming hazards, if jurisdiction could be obtained over them by any thing less than the fullest compliance with all their requirements."

The affidavit was in my judgment clearly defective, and the fact that the judge said he was satisfied upon a point on which no evidence was produced, does not confer jurisdiction.

The present application is to compel the purchaser to take the property notwithstanding the defect. If I am right in the views above expressed, the title is defective, and the motion should not be granted.

Even if the point was a doubtful one, a purchaser under a

judicial sale should not be required to run the hazard of such an objection. He has no covenant to protect him in case of error, and he should never be required to complete the purchase under such a sale if there is any reasonable doubt as to the sufficiency of the title.

The motion must be denied.

---

## THE UNION BANK *a.* MOTT.

*Supreme Court, First District; Special Term, June,* 1860.

### APPEAL.—AMENDMENT.—TERMS OF ALLOWING.

An order which violates the strict legal rights of a party is appealable.

On allowing an amendment introducing a new cause of action, or introducing allegations necessary to complete the facts alleged, which otherwise would not show a cause of action, defendant should be allowed to answer as a matter of right.

In such case the court cannot require that testimony already taken in the cause should stand.

Amendment should be made not at the expense of the opposite party.

Appeal from order allowing amendment of complaint.

This action was commenced in March, 1859; the complaint charged the defendants with an indebtedness of $141,586, for moneys fraudulently obtained from plaintiff between the first day of January, 1849, and the 16th day of March, 1858, by means of overdrafts and false entries in the books of account of the plaintiff, in collusion and with the aid of a book-keeper in the employ of the plaintiff during that time.

A judgment was obtained by default against the defendant, Garrett S. Mott; the default was afterwards opened on terms, but the judgment ordered to stand as security. Both defendants, by separate answers, denied the complaint, and set up the statute of limitations. After answer, the defendants were arrested and held to bail in the sum of $142,000.